## BASSICK MFG. CO. v. AUTO EQUIPMENT CO.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1926.)

No. 3666.

**1. Patents ⊚═226.**

Defendant may be guilty of invading monopoly conferred by patent by selling articles not freed from monopoly by sale of owner, or by express or implied license to sell.

**2. Patents ⊚═312(3).**

Where there was no question of validity of patent, and proof showed sale by defendant, with no pleading showing license to sell, nor proof thereof, plaintiff was entitled to decree.

Appeal from the District Court of the United States for the District of Indiana.

Patent infringement suit by the Bassick Manufacturing Company against the Auto Equipment Company. From a decree dismissing its bill, plaintiff appeals. Reversed and remanded.

Lynn A. Williams, of Chicago, Ill., for appellant.

Edward L. Reed, of Dayton, Ohio, for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Suit by appellant against appellee for infringement of two patents, numbered 1,307,733 and 1,307,734, issued June 24, 1919, to A. V. Gullborg. Claims 3, 4, and 5 of the first patent, and claims 1, 2, 3, 4, 8, 12, and 15 of the second patent, are alleged to be infringed. The complaint is in the usual form as to the issuance and ownership of both patents and as to the infringement. While the charge is that appellee made, used, and sold the infringing devices, we are only concerned with the charge of selling. The answer is lengthy and full of

repetitions, but it resolves itself into a denial of the validity of the patents and of the infringement. It is nowhere averred that the articles which appellee sold were manufactured by appellant and had been sold by it, and that thus the articles became free of the monopoly.

Upon the issues thus formed the case went to trial upon oral testimony in open court. The appellant introduced the patents and proved its ownership of them; that it manufactured articles embodying the inventions, and sold its product to 50 distributors located in large cities throughout the United States, each distributor having a certain exclusive territory allotted to him; that these distributors handled appellant's entire business, with the exception of contracts for regular and standardized equipment with automobile manufacturers and a few of the larger manufacturers of industrial machines for original equipment; that the 50 distributors each employed salesmen, who traveled throughout the respective territories and made sales to service stations, garages, hardware stores, automobile accessory dealers, etc.; that appellee was an automobile accessory dealer, and made sales of large amounts of the particular device, the sale of which is complained of, and made certain sales among which were articles not made or sold by appellant; that large quantities of these articles were exact embodiments of the invention, identical with the manufacture of appellant; that appellee bought only a small amount of the alleged infringing articles, which it sold, from appellant or its distributors; that it bought large quantities from persons who were called "bootleggers" in the trade, some of whom were unknown to it; that it bought and sold the articles at prices much less than those at which it could buy them from appellant or its distributors; and that at least some of their purchases and sales were made in an unusual manner.

[1] Upon this proof the appellant rested its case. The appellee introduced no evidence. The court dismissed the bill upon the ground that there was no evidence showing infringement. The reasoning was that, as appellant's witnesses were not able in all cases to distinguish to the satisfaction of the court the difference between the spurious and the genuine articles sold by appellee, infringement was not shown, the theory apparently being that appellee could only be enjoined from selling spurious articles; that is, articles not manufactured by appellant. A defendant may be guilty of invading the monopoly, which includes the exclusive right to sell, by selling articles which had not been freed from the monopoly by sale of the owner of it, or by an express or implied license to sell.

The contention of appellant is that, when it proved the sale of articles which plainly embodied the invention, it had established a prima facie case of infringement, and in the absence of any averment of, or proof tending to show, an express or implied license to sell, its case was made out, and that it was strengthened by evidence showing how appellant marketed its products, how and at what prices appellee bought and sold the articles, and by evidence tending to show that some of the articles sold by appellee were spurious, called in the trade "gyp." Appellee, conceding in its brief that "these patents were not considered by the court below, and no question of their validity or scope is before this court," contends that infringement was not shown.

[2] With no question made as to the validity of the patents and with the proof showing the sale of large quantities of articles embodying the invention, especially in the circumstances shown under which appellee bought and sold them, with no pleading setting up any license to sell and no proof of such license, express or implied, the court should have entered a decree for appellant. These patents have been upheld, and infringements of them have been enjoined, in a number of cases. The evidence strongly tends to show that the infringement by appellee was willful.

The cause is reversed and remanded.